UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                      Case No. 8:03-cr-332-T-23TBM

ROBINSON MONTOYA NARANJO,

                Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's **Motion to Proceed In Forma Pauperis and Without Prepayment of Fees**. (Doc. 284)(the "Motion").  Defendant has filed a Notice of Appeal of the Court's Order of October 28, 2015 denying him a sentence reduction under Amendment 782 to the United States Sentencing Guidelines (Doc. 276).  His Motion includes an affidavit attesting to the fact that he has previously been represented by counsel appointed under the CJA; he has been incarcerated for thirteen years; and he is without sufficient money or assets to pay the fees and costs of an appeal.  The affidavit is supported by a print-out of his prison account, which reflects that as of November 20, 2015, he had $144.00 available in his account.  The government has not filed a response but such is unnecessary.  As explained below, I recommend that the Motion be denied.

A.

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal.  *See Ex parte Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007).  Rule 24(a) of the Rules of

Appellate Procedure provides in part:

> **(1) Motion in the District Court**.  Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
> > **(A)**    shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> >
> > **(B)**    claims an entitlement to redress; and
> >
> > **(C)**    states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**.  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise.  If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval**.  A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > **(A)**    the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or
> >
> > **(B)**    a statute provides otherwise.

Fed. R. App. P. 24(a).  Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

\*\*\*

> An appeal may not be taken in forma pauperis if the trial court
> certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).  Thus, two requirements must be satisfied for a party to prosecute an

appeal *in forma pauperis*: (1) the party must show an inability to pay (or that the party previously

was permitted to proceed in forma pauperis), and (2) the appeal must be brought in good faith.

### B.

Before addressing the Motion, a brief overview of the course of proceedings is useful.

Defendant was indicted in August 2003 for conspiring to possess with intent to distribute five

kilograms of cocaine and for possession with intent to distribute five kilograms of cocaine while

onboard a vessel subject to the jurisdiction of the United States.  In November 2003, he pleaded

guilty to the conspiracy count under a plea agreement which stated the weight of the cocaine seized

from the vessel was approximately 1100 pounds.  On March 30, 2004, Defendant sentenced to

188 months incarceration in accordance with the advisory sentencing guidelines.  No appeal was

taken from the Judgment.  On August 24, 2015, subsequent to the adoption of USSG Amendment

782, Defendant filed a Motion for Appointment of Counsel for Proceedings Under 18 U.S.C. §

3582(c)(2).  The motion was granted and the Federal Defenders Office ("FDO") was appointed to

assist him.  In accordance with the practice in this district, the U.S. Probation Office submitted a

memorandum wherein it concluded that Defendant was ineligible for a sentence reduction under

Amendment 782 because the drug quantity table remained the same in spite of the amendment.  On

October 19, 2015, the FPD filed its Notice stating that based upon its diligent and thorough review

of the record, it could not in good faith argue that Defendant is eligible for a sentence reduction

under 18 U.S.C. § 3582(c)(2) and Amendment 782 because the amendment does not have the effect

of lowering Defendant's base offense level.  The Court's Order affirming this conclusion followed.

Defendant sought reconsideration of the Order. On October 28, 2015, the Court denied reconsideration.

Here, Defendant satisfies the first requirement - he is indigent. Nonetheless, the Motion should be denied on substantive grounds. Construed liberally,[1] any basis for appeal appears frivolous and thus the appeal is not brought in good faith.[2] Here, Defendant asserts no arguable, good faith basis to appeal the Court's Order denying his Motion for an Amendment 782 sentence reduction. Under his guilty plea, Defendant was and is responsible for 1100 kilograms of cocaine. Upon application, Amendment 782 does not have the effect of lowering Defendant's guideline range. Accordingly, a reduction in the term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10.

In sum, Defendant is unable to demonstrate a nonfrivolous issue for appeal with respect to the Order denying his Motion and I find his appeal both frivolous and lacking good faith.

## C.

Accordingly, it is **RECOMMENDED** that the Court **DENY** Defendant's **Motion to Proceed In Forma Pauperis and Without Prepayment of Fees**. (Doc. 284). It is **RECOMMENDED** further that the Clerk be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

---

[1]The Court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[2]Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An issue is frivolous when it appears that the legal theories are "indisputably meritless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Respectfully submitted this 3rd day of December, 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge.  28 U.S.C. § 636(b)(1)(B); M.D. Fla. R. 6.02.

Copies furnished to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record
Pro se Defendant